## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS D. BAKER, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| WADDELL & REED FINANCIAL, INC., | : **SECURITIES EXCHANGE ACT OF 1934** |
| THOMAS C. GODLASKY, KATHIE J. | : |
| ANDRADE, SHARILYN S. GASAWAY, | : |
| JAMES A. JESSEE, KATHRINE M.A. | : |
| KLINE, DENNIS E. LOGUE, MICHEAL F. | : |
| MORRISSEY, PHILIP J. SANDERS, and | : |
| JERRY W. WALTON, | : |
| | : |
| Defendants. | : |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges the

following upon personal knowledge with respect to himself, and upon information and belief based

upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1.      On December 2, 2020, Waddell & Reed Financial, Inc. ("Waddell" or the

"Company") entered into an agreement (the "Merger Agreement") to be acquired by Macquarie

Management Holdings, Inc. ("Parent") and Merry Merger Sub, Inc. ("Merger Sub") (collectively,

"Macquarie") (the "Proposed Merger").

2.      Under the terms of the Merger Agreement, Waddell's stockholders will receive

$25.00 per share.

3.      On February 17, 2021, defendants filed a proxy statement (the "Proxy") with the

U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the

Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8.     Plaintiff is and has been continuously throughout all relevant times the owner of Waddell common stock.

9.     Defendant Waddell is a Delaware corporation.  Waddell's common stock is traded on the NYSE under the ticker symbol "WDR."

10.     Defendant Thomas C. Godlasky is Chairman of the Board of Directors of Waddell (the "Board").

11.     Defendant Kathie J. Andrade is a member of the Board.

12.     Defendant Sharilyn S. Gasaway is a member of the Board.

13.     Defendant James A. Jessee is a member of the Board.

14.     Defendant Katherine M.A. Kline is a member of the Board.

15.     Defendant Dennis E. Logue is a member of the Board.

16.     Defendant Michael F. Morrissey is a member of the Board.

17.     Defendant Philip J. Sanders is Chief Executive Officer and a member of the Board.

18.     Defendant Jerry W. Walton is a member of the Board.

19.     Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20.     The Company distributes its investment products under the IVY INVESTMENTS® brand, the wealth management channel, and the institutional channel.

21.     On December 2, 2020, Waddell entered into the Merger Agreement, under which Waddell's stockholders will receive $25.00 per share.

22.     The press release announcing the Proposed Merger provides as follows:

Waddell & Reed Financial, Inc. (NYSE: WDR) today announced it has entered into a merger agreement with Macquarie Asset Management, the asset management division of Macquarie Group (ASX: MQG; ADR: MQBKY), under which Macquarie would acquire all of the outstanding shares of Waddell & Reed for $25.00 per share in cash representing total consideration of $1.7 billion.

The transaction represents a premium of approximately 48% to the closing price of Waddell & Reed common stock on December 1, 2020, the last trading day prior to the transaction announcement, and a premium of approximately 57% to Waddell & Reed's volume-weighted average price for the last 90 trading days.

On completion of the transaction, Macquarie has agreed to sell Waddell & Reed Financial, Inc.'s wealth management platform to LPL Financial Holdings Inc. (Nasdaq: LPLA), a leading U.S. retail investment advisory firm, independent broker-dealer, and registered investment advisor custodian, and also enter into a long-term partnership with Macquarie becoming one of LPL's top tier strategic asset management partners.

As a result of the transaction, Macquarie Asset Management's assets under management are expected to increase to over $465 billion, with the combined business becoming a top 25[1] actively managed, long-term, open-ended U.S. mutual fund manager by assets under management, with the scale and diversification to competitively position the business to maintain and extend its high standards of service to clients and partners.

Through its subsidiaries, Waddell & Reed Financial, Inc. has provided investment management and wealth management services to clients throughout the U.S. since 1937. Today, investment products are distributed under the Ivy Investments brand, as well as through independent financial advisors associated with Waddell & Reed, Inc. As of September 30, 2020, Waddell & Reed Financial, Inc.'s asset management business had $68 billion of assets under management and its wealth management business had assets under administration of $63 billion. []

The transaction has been approved by the Boards of Directors of Waddell & Reed Financial, Inc., Macquarie Group and LPL and is expected to close in the middle of 2021, subject to regulatory approvals, Waddell & Reed Financial, Inc. stockholder approval and other customary closing conditions.

***Advisors and Counsel***

J.P. Morgan Securities LLC served as lead financial advisor to Waddell & Reed Financial, Inc. Wells Fargo Securities, LLC also served as financial advisor and Norton Rose Fulbright US LLP served as lead counsel. RBC Capital Markets served as exclusive financial advisor and Allen & Overy served as lead counsel to Macquarie.

23.     On February 17, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Analyses</u>

24.     The Proxy fails to disclose material information regarding the financial analyses performed by J.P. Morgan Securities LLC ("J.P. Morgan"), Waddell's financial advisor.  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25.     The Proxy fails to disclose the following regarding J.P. Morgan's Sum-of-the-Parts – Selected Transactions Analysis: the individual multiples for the companies.

26.     The Proxy fails to disclose the following regarding J.P. Morgan's Sum-of-the-Parts – Selected Transaction Analysis: the individual multiples for the transactions.

27.     The Proxy fails to disclose the following regarding J.P. Morgan's Sum-of-the-Parts – Discounted Cash Flow Analysis: (i) the unlevered free cash flows; (ii) all line items used to calculate unlevered free cash flows; (iii) estimated cash, liquid securities, and total debt; (iv) the terminal values; and (v) the inputs and assumptions underlying the terminal value growth rates and discount rates.

<u>Financial Projections</u>

28.     The Proxy fails to disclose material information regarding Waddell's financial projections.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

29.     The Proxy fails to disclose the following regarding Waddell's financial projections: (i) the line items used to calculate Unlevered Free Cash Flow; (ii) the line items used to calculate EBITDA; and (iii) net income.

<u>Potential Conflicts of Interest of J.P. Morgan</u>

30.     The Proxy fails to disclose material information regarding potential conflicts of interest of J.P. Morgan.

31.     The Proxy fails to disclose the amount of J.P. Morgan's fee that is contingent upon the consummation of the Proposed Merger.

32.     If disclosed, the omitted information would significantly alter the total mix of information available to Waddell's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Waddell for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

33.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

35.     Waddell is liable as the issuer of these statements.

36.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

37.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

40.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

41.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

42.     Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Waddell within the meaning of Section 20(a) of the Exchange Act as alleged herein.

45.     Due to their positions as officers and/or directors of Waddell and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

49.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

50.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

51.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

52.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.     In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  March 3, 2021

**GRABAR LAW OFFICE**

By: _____

Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*